UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00772-GNS

ONA HULL                                                                                    PLAINTIFF

v.

THE RAWLINGS CO., LLC                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motions to Dismiss (DN 5, 19), Plaintiff's Motion for Leave to File Second Amended Complaint (DN 25), and Plaintiff's Motion to Remand (DN 26). The motions are ripe for adjudication. For the reasons outlined below, Plaintiff's Motion for Leave to File Second Amended Complaint is **GRANTED**, the other motions are **DENIED AS MOOT**, and this matter is **REMANDED** to state court.

### I.     STATEMENT OF FACTS AND CLAIMS

Plaintiff Ona Hull ("Plaintiff") is a former employee of Defendant The Rawlings Co., LLC ("Defendant"). (Compl. ¶ 5, DN 1). Plaintiff filed a lawsuit in state court asserting various claims against her former employer, including: Kentucky Wage & Hour Act, KRS Chapter 337; Kentucky Civil Rights Act, KRS Chapter 344; Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654; and Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213. (Compl. ¶¶ 89-154). Defendant timely removed the matter to this Court. (Notice Removal, DN 1).

Following removal, Defendant moved to dismiss the Complaint. (Def.'s Mot. Dismiss, DN 5). In response, Plaintiff filed the First Amended Complaint. (Pl.'s Notice Filing, DN 15; First Am. Compl., DN 16).

Defendant then moved to dismiss the Amended Complaint. (Def.'s Mot. Dismiss, DN 19). In her response to the motion, Plaintiff agreed to withdraw all of her claims except for Count VI and noted her intent to file an amended complaint asserting only a retaliation claim under the KCRA. (Pl.'s Resp. Def.'s Mot. Dismiss 2-3, DN 22). Subsequently, Plaintiff moved for leave to amend the First Amended Complaint and to only assert the retaliation claim under the KCRA. (Second Am. Compl. ¶¶ 67-74). Plaintiff also moved to remand this action to state court. (Pl.'s Mot. Remand, DN 26).

## II. DISCUSSION

### A. Plaintiff's Motion for Leave to File Second Amended Complaint (DN 25)

As a preliminary matter, the Court will address Plaintiff's Motion for Leave to File Second Amended Complaint because it resolves the issues raised in the other motions. Under Fed. R. Civ. P. 15, a motion for leave to file an amended complaint is governed by Fed. R. Civ. P. 15(a)(2) which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court should freely grant leave to amend a pleading "when justice so requires." *Id*. However, a court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While Defendant argues that it is unfair and prejudicial that Plaintiff be allowed to file the Second Amended Complaint because it has moved to dismiss the prior complaints, that alone is not sufficient to warrant the denial of this motion. This case is still in its infancy, and the parties have not conducted any discovery in this action. Plaintiff seeks to voluntarily dismiss her

federal claims, which will reduce the potential scope of discovery in this matter. Accordingly, the Court will grant this motion.

The Second Amended Complaint, however, does not assert any federal claims but only state law claims. "The Sixth Circuit 'applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed – retaining residual jurisdiction "only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues."'" *Southard v. Newcomb Oil Co.*, No. 3:18-CV-803-CRS, 2019 WL 961988, at *3 (W.D. Ky. Feb. 27, 2019) (quoting *Packard Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011)). Because the posture of this case, the Court declines to exercise supplemental jurisdiction over the claims in the Second Amended Complaint and will remand this matter to Oldham Circuit Court. *See Southard*, 2019 WL 961988, at *3 ("This action has only been on the Court's docket for approximately three months. Plaintiff filed his amended complaint six days after Newcomb Oil removed the case. In addition, no dispositive rulings have been issued and this Court has not overseen discovery." (citation omitted)); *Skipper v. Clark*, 150 F. Supp. 3d 820, 828-29 (W.D. Ky. 2015) (citation omitted) (remanding the case to state court and declining to exercise supplemental jurisdiction over the state law claims following the dismissal of the federal claims providing the basis for federal jurisdiction).

B. **Defendant's Motions to Dismiss (DN 5, 19)**

Defendant has moved to dismiss the allegations in the Complaint and First Amended Complaint. (Def.'s Mot. Dismiss, DN 5; Def.'s Mot. Dismiss, DN 19). Because the Second Amended Complaint subsumes the allegations in the prior complaints, the Court will deny these motions as moot. *See Herran Props., LLC v. Lyon Cty. Fiscal Court*, No. 5:17-CV-00107-GNS,

2017 WL 6377984, at *2 (citing *Cedar View, Ltd. v. Colpetzer*, No. 5:05-CV-00782, 2006 WL 456482, at *5 (N.D. Ohio Feb. 24, 2006)); *Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

### C. Plaintiff's Motion to Remand (DN 26)

Plaintiff moved to remand this matter to state court. (Pl.'s Mot. Remand, DN 26). Because the Court declines to exercise jurisdiction over her state law claims, the Court will deny this motion as moot.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Leave to File Second Amended Complaint (DN 25) is **GRANTED**, and the Clerk shall file the Second Amended Complaint (DN 25-2). Because the Second Amended Complaint only asserts state law claims, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over those claims. All state law claims asserted in the Second Amended Complaint are **REMANDED** to Oldham Circuit Court.

2. Defendant's Motions to Dismiss (DN 5, 19) and Plaintiff's Motion to Remand (DN 26) are **DENIED AS MOOT**.

3. The Clerk shall **STRIKE** this matter from the Court's active docket.

Greg N. Stivers, Chief Judge
United States District Court

April 22, 2019

cc: counsel of record
Oldham Circuit Court (Civil Action No. 18-CI-00650)